UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

VINCENT MAANGI OBIERO,

     Petitioner,

v.

No. 1:26-CV-00127-H

WARDEN, BLUEBONNET
DETENTION CENTER,[1]

     Respondent.

## ORDER

Before the Court is Petitioner Vincent Maangi Obiero's motion for preliminary injunctive relief, temporary restraining order, and writ of mandamus from ICE custody. Dkt. No. 4. Because Petitioner improperly requests the ultimate relief sought in his pending amended habeas petition, Dkt. No. 1, the motion is denied.

### 1.    Legal Standards

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions. A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009). Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D.

---

[1] The Clerk is directed to change the caption to reflect that the Warden of the Bluebonnet Detention Center is the only proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that there is generally only one proper respondent in a habeas case, and that is the person who holds the petitioner in custody). All other named respondents will be terminated from this action.

Tex. 2021).  The party seeking relief must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) issuing the injunction will not disserve the public interest.  *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy."  *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976).  "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'"  *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).  To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief.  *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).  "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction."  *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

**2.    Analysis and Conclusion**

"The purpose of a preliminary injunction is to preserve the *status quo* and prevent irreparable injury until the court renders a decision on the merits."  *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022); *See also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (explaining that the purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer").  Thus, the Court cannot give Petitioner "the ultimate relief requested" in the form of a preliminary

injunction or TRO; it can "only preserve the *status quo*." *Ramirez Rios v. Noem*, 3:25-CV-522, 2025 WL 3220095, at *1 (W.D. Tex. Nov. 7, 2025).

In his motion, Petitioner asserts that he is unlawfully detained and that his continued detention is causing irreparable harm. Dkt. No. 4. And he repeats essentially the same arguments raised in his petition, Dkt. No. 1. But Petitioner's motion appears to request the same relief sought in his amended habeas petition. *See* Dkt. No. 4 at 8. Indeed, the arguments supporting his motion "focus on the harms of mandatory detention without bond." *Perez v. Noem*, No. 3:25-CV-2920, 2025 WL 3532430, at *6 (N.D. Tex. Nov. 14, 2025), *R. & R. adopted*, 2025 WL 3530951 (Dec. 9, 2025). But the ultimate relief he seeks in his amended petition is also release from custody. *See* Dkt. No. 4 at 8. Because the preliminary relief sought in the motion improperly seeks the same ultimate relief requested in the petition, the motion for preliminary injunctive relief, temporary restraining order, and writ of mandamus from ICE custody is denied. Dkt. No. 13.

This habeas petition remains pending, and the Court will enter a separate order requiring an answer from the respondent and setting a briefing schedule.

So ordered on March 30, 2026.

James Wesley Hendrix
United States District Judge