UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

VINCENT MAANGI OBIERO,

                   Petitioner,

v.

WARDEN, BLUEBONNET
DETENTION CENTER,

                   Respondent.

No. 1:26-CV-00127-H
U.S.C.A. No. 26-10356

## ORDER

Petitioner filed a notice of interlocutory appeal from the Court's order denying his motion for preliminary injunctive relief, temporary restraining order, and writ of mandamus from ICE custody. Dkt. No. 9. Petitioner now seeks leave to proceed *in forma pauperis* (IFP) on appeal. Dkt. No. 16. As explained below the motion is denied.

"An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "An investigation into the [IFP] movant's objective good faith, while necessitating a brief inquiry into the merits of an appeal, does not require that probable success be shown." *Judd v. Sec'y of State of La.*, 461 F. App'x. 399, 400 (5th Cir. 2012) (quoting *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983)). Rather, the inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Judd*, 461 F. App'x at 400 (quoting *Howard*, 707 F.2d at 220).

The Court certifies that, for the reasons stated in its order denying Petitioner's motion for preliminary injunctive relief, temporary restraining order, and writ of mandamus from ICE custody, Dkt. No. 5, the appeal is not taken in good faith. *See* Fed. R. App. P. 24(a)(3); 28 U.S.C. § 1915(a)(3). The Court denied Petitioner's motion because it improperly sought the same ultimate relief as his petition. *See* Dkt. No. 5. For the same

reasons and after reviewing Petitioner's notice of appeal, Dkt. No. 9, the Court finds that the appeal presents no legal points of arguable merit.

Under *Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997), Petitioner may challenge this finding by filing a separate application to proceed IFP on appeal with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit within 30 days from the date of this order. *See* Fed. R. App. P. 24(a)(4), (5).

So ordered.

Dated May 1, 2026.

JAMES WESLEY HENDRIX
United States District Judge